UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY SHARP,<br><br>    Plaintiff,<br><br>    v.<br><br>MARGARET MIMS,<br><br>    Defendant. | Case No.: 1:13-cv-00534-AWI-BAM PC<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DENIAL OF MOTION FOR COURT ORDER<br><br>(ECF No. 8) |

    Plaintiff Anthony Sharp ("Plaintiff"), a prisoner in the Fresno County Jail, is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed his complaint on April 15, 2013. Thereafter, on May 1, 2013, Plaintiff filed the instant motion requesting a court order for law library access. In relevant part, Plaintiff seeks an order directing Fresno County Jail officials to allow him access to legal books and a copier if needed to prosecute this civil action. Plaintiff reports that he is unable to have access without a court order. (ECF No. 8.)

    The order that Plaintiff currently requests is a form of injunctive relief. "A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 129 S.Ct. 365, 376 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 374 (citations omitted). An injunction

1

1  may only be awarded upon a clear showing that the plaintiff is entitled to relief.  Id. at 376 (citation
2  omitted) (emphasis added).
3  　　　In this case, Plaintiff's complaint is currently pending screening pursuant to 28 U.S.C. §
4  1915A(a).  As a result, there are no pending deadlines that require access to the law library.  Further,
5  the Fresno County Jail Rules cited by Plaintiff do not mandate a court order for access in civil matters.
6  (ECF No. 8, Ex. A.)
7  　　　Additionally, federal courts are courts of limited jurisdiction and in considering a request for
8  preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it
9  have before it an actual case or controversy.  City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103
10 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and
11 State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982).  If the Court does not have an actual case
12 or controversy before it, it has no power to hear the matter in question.  Id.  Requests for prospective
13 relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which
14 requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to
15 correct the violation of the Federal right, and is the least intrusive means necessary to correct the
16 violation of the Federal right."
17 　　　Upon initial review, Plaintiff's complaint concerns deliberate indifference to his medical
18 needs, not law library access.  The case or controversy requirement therefore cannot be met because
19 the issue Plaintiff seeks to remedy in his motion bears no relation to his claims of deliberate
20 indifference.  Lyons, 461 U.S. at 102; 18 U.S.C. § 3626(a)(1)(A); Steel Co. v. Citizens for a Better
21 Env't, 523 U.S. 83, 102-04, 118 S.Ct. 1003 (1998).  Because the case-or-controversy requirement
22 cannot be met, the pendency of this action provides no basis upon which to award Plaintiff injunctive
23 relief.  Id.
24 　　　Accordingly, based on the foregoing, the Court HEREBY RECOMMENDS that Plaintiff's
25 motion for court order directing access to the law library be DENIED.
26 　　　These findings and recommendations will be submitted to the United States District Judge
27 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty (30) days
28 after being served with these findings and recommendations, Plaintiff may file written objections with

the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **May 9, 2013**                    /s/ *Barbara A. McAuliffe*
                                          UNITED STATES MAGISTRATE JUDGE