# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY A. SHARP, | ) 1:13-cv-00534-AWI-BAM (PC) |
| Plaintiff, | ) SCREENING ORDER DISMISSING |
| v. | ) COMPLAINT AND GRANTING LEAVE TO AMEND |
| MARGARET MIMS, et al., | ) (ECF No. 1) |
| Defendants. | ) THIRTY-DAY DEADLINE |

### I.  Screening Requirement and Standard

Plaintiff Anthony A. Sharp ("Plaintiff"), proceeding pro se and in forma pauperis, initiated this civil rights action pursuant to 42 U.S.C. § 1983 while he was detained in the Fresno County Jail. Plaintiff is now a civil detainee at Coalinga State Hospital.

Plaintiff initiated this action on April 15, 2013. Plaintiff's first amended complaint, filed on June 7, 2013, is currently before the Court for screening.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.     Plaintiff's Allegations**

As noted above, Plaintiff is a detainee at Coalinga State Hospital. However, the events alleged in Plaintiff's complaint occurred while he was housed in the Fresno County Jail. Plaintiff does not specify whether he was a pretrial detainee at the time of his incarceration. Plaintiff names Sheriff Margaret Mims and Trinity Food Services as defendants.

Plaintiff alleges as follows: On March 15, 2013, Plaintiff was booked into jail and asked medical questions by a nurse. The nurse reviewed documents received from CSH officers regarding Plaintiff's medical history. Plaintiff also advised the nurse that he was severely allergic to peanuts and it would kill him if he was to come into contact with peanut oil or anything made with peanuts. The nurse entered this information into the jail's main computer, which allows Trinity Food Services to check the dietary needs of new inmates.

Plaintiff asserts that his life was put in danger and he asked why he was still receiving peanut butter.  Plaintiff submitted grievances notifying deputies that he could not have peanuts, but his complaints were ignored.  On at least two occasions, while in the South Annex, Plaintiff received his Breakfast/Lunch sack meal.  Plaintiff was unaware that a peanut butter pack was in the sack meal, but just as he was about to reach into the bag, Plaintiff noticed that the peanut butter pack was open and peanut butter was all over the other food.  This placed Plaintiff's life at immediate risk because staff would not be able to reach him within 2 minutes.  Plaintiff claims that he became afraid to open his sack meals.

Plaintiff requests monetary damages in the amount of $25 million dollars, plus $125,000 in punitive damages.  He also alleges that the jail is being sued in this court regarding extremely poor medical services, which causes him stress.

### III. Discussion

#### A. Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Department of Social Services, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.1978).

Plaintiff has failed to link Defendant Margaret Mims to any constitutional violation.  If he elects to amend his complaint, Plaintiff must link the actions of Defendant Mims to any alleged deprivation.  To the extent Plaintiff seeks to bring suit against Defendant Mims based on her role

as a supervisor, he may not do so.  Supervisory personnel may not be held liable under section 1983 for the actions of subordinate employees based on respondeat superior or vicarious liability. Crowley v. Bannister, 734 F.3d 967, 977 (9th Cir. 2013); accord Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Moss v. U.S. Secret Service, 711 F.3d 941, 967-68 (9th Cir. 2013); Lacey v. Maricopa County, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc).  "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation."  Crowley, 734 F.3d at 977 (citing Snow, 681 F.3d at 989) (internal quotation marks omitted); accord Lemire, 726 F.3d at 1074-75; Lacey, 693 F.3d at 915-16.  "Under the latter theory, supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation."  Crowley, 734 F.3d at 977 (citing Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)) (internal quotation marks omitted).

Plaintiff has not alleged that Defendant Mims was personally involved the constitutional deprivation or that she instituted a deficient policy.

### B. Eighth Amendment – Conditions of Confinement[1]

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement.  Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994) and Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392 (1981)) (quotation marks omitted).  Prison officials must ensure that inmates receive adequate food, clothing, shelter, medical care and personal safety.  Farmer, 511 U.S. at 832.

---

[1] Plaintiff did not indicate if he was a pretrial detainee at the time of the alleged incidents.  A pretrial detainee's claim regarding his conditions of confinement arises under the Fourteenth Amendment, not the Eighth Amendment.  However, the standard for claims brought under the Eighth Amendment has long been used to analyze pretrial detainees' conditions of confinement claims.  Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1017-18 (9th Cir. 2010); Clouthier v. County of Contra Costa, 591 F.3d 1232, 1242 (9th Cir. 2010); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

"Adequate food is a basic human need protected by the Eighth Amendment." Keenan v. Hall, 83 F.3d 1083, 1091 (9th Cir.1996).  The Eighth Amendment requires only that prisoners receive food that is adequate to maintain health.  LeMaire v. Maass, 12 F.3d 1444, 1456 (9th Cir. 1993).  However, the Ninth Circuit has found that "[t]he sustained deprivation of food can be cruel and unusual punishment when it results in pain without any penological purpose." Foster v. Runnels, 554 F.3d 807, 812–13 (9th Cir.2009) (finding the denial of sixteen meals in twenty-three days a sufficiently serious deprivation for Eighth Amendment purposes).

Here, Plaintiff alleges that he was served peanut butter on two occasions.  On at least one of those occasions, he noticed the peanut butter before coming into contact with it.  These isolated occurrences do no rise to the level of a constitutional violation.  Foster, 554 F.3d at 812 n.1 (denial of meals on two occasions did not rise to the level of a constitutional violation); Modica v. Cox, 2012 WL 787621, *3 (E.D. Cal. Mar. 9, 2012) (denial of a single lunch did not constitute a sufficiently serious deprivation for purposes of the Eighth Amendment).  There are no further allegations to suggest that Plaintiff suffered any injury from the presence of the peanut butter, that he was unable to eat or that he was continually deprived of food.  Plaintiff will be given leave to cure these deficiencies to the extent he can do so in good faith.

### C. Deliberate Indifference to Serious Medical Needs

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir .2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,' "and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096; Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir.2012).

Deliberate indifference is shown where the official is aware of a serious medical need and fails to adequately respond. Simmons, 609 F.3d at 1018. "Deliberate indifference is a high legal standard." Id. at 1019; Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). The prison

official must be aware of facts from which he could make an inference that "a substantial risk of serious harm exists" and he must make the inference. Farmer, 511 U.S. at 837.

Plaintiff has not stated a cognizable claim for deliberate indifference to serious medical needs. There is no indication that jail officials failed to respond to any serious medical need based on two isolated instances of peanut butter in his lunch sack. Plaintiff has not alleged that his peanut allergy resulted in any condition requiring medical attention.

### IV.     Conclusion and Order

Plaintiff's complaint fails to state a cognizable claim. However, the Court will provide Plaintiff with the opportunity to file an amended complaint to cure the identified deficiencies. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted). Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey, 693 F.3d at 927. Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1.     The Clerk's Office shall send Plaintiff a complaint form;

2.     Plaintiff's complaint is dismissed for failure to state a claim;

3.     Within thirty (30) days from the date of service of this order, Plaintiff shall file a first amended complaint; and

///

///

  4. <u>If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed for failure to state a claim.</u>

IT IS SO ORDERED.

 Dated: **April 25, 2014**      /s/ *Barbara A. McAuliffe*
                UNITED STATES MAGISTRATE JUDGE