# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY A. SHARP,<br><br>    Plaintiff,<br><br>  v.<br><br>MARGARET MIMS, et al.,<br><br>    Defendants. | 1:13-cv-00534-AWI-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION<br><br>FOURTEEN-DAY DEADLINE |

### I.  Screening Requirement and Standard

Plaintiff Anthony A. Sharp ("Plaintiff"), proceeding pro se and in forma pauperis, initiated this civil rights action pursuant to 42 U.S.C. § 1983 while he was detained in the Fresno County Jail.  Plaintiff is now a civil detainee at Coalinga State Hospital.

Plaintiff initiated this action on April 15, 2013.  On April 28, 2014, the Court dismissed Plaintiff's first amended complaint with leave to amend.  Plaintiff's second amended complaint, filed on May 19, 2014, is currently before the Court for screening.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.     Plaintiff's Allegations**

As noted above, Plaintiff is a detainee at Coalinga State Hospital. However, the events alleged in Plaintiff's second amended complaint occurred while he was housed in the Fresno County Jail. Plaintiff names the following defendants: (1) John Doe #1, Booking Nurse at Fresno County Jail; (2) John Doe #2, South Annex Deputy; (3) John Doe #3, Custody Sergeant; and (4) Trinity Food Services.

Plaintiff alleges as follows: On March 15, 2013, Plaintiff was arrested a Coalinga State Hospital by DPS officers for child porn and booked into the Fresno County Jail. Jane Doe #1, a booking nurse, called Plaintiff to the booking window and asked him some medical questions. DPS officers gave Jane Doe #1 a copy of Plaintiff's medical paperwork, which stated that Plaintiff is diabetic and is allergic to peanut products.

On March 16, 2013, Plaintiff was booked into the jail and sent to the South Annex. His medical information was listed in the jail's computer for review by deputies, nurses and food services. Plaintiff was housed with three other inmates in an 8-man cell. Plaintiff was awakened at 3:30 by a deputy stating that it was breakfast time. John Doe #2, a South Annex deputy, arrived at the cell gate and handed out the sack breakfast lunch. Plaintiff took his meal and stuck his hand in the bag. He noticed that peanut butter was all over the other foods. Plaintiff reported it to the deputy, but he did nothing and refused to call the kitchen to get another meal.

Plaintiff filed a grievance and submitted it for review by the custody sergeant. John Doe #3, the custody sergeant, received the grievance, but failed to respond in the allowed time. Plaintiff was unable to exhaust his grievance.

Trinity Foods did not review Plaintiff's dietary needs when preparing his meals as required by policy. Trinity Foods has complete access to each inmate's diet sheet by looking at the main computer for the jail. Trinity Foods is under contract with the County of Fresno to provide healthy, wholesome meals that are safe and adequate.

Plaintiff alleges that he had to go hungry many times due to receiving peanut butter in his meals, which caused stomach cramps. He was offered food in exchange for sex with other inmates, but did not take it or report it.

Plaintiff is a Type II diabetic and requires daily medication to control his blood sugar. To take his medication, Plaintiff requires regular meals at least 2 times per day. Plaintiff feared receiving his breakfast lunch sack bag because he came close to exposure twice while at the jail. Plaintiff asserts that he had overwhelming anxiety for fear of getting his meal, which he reported to deputies, but nothing was done. This precipitated post-traumatic stress disorder, emotional trauma, traumatic stress, mental trauma, and pain and suffering. Plaintiff claims that he was forced to go hungry.

Plaintiff seeks $10 million dollars from Defendant Trinity Foods and $3 million dollars from the County of Fresno.

///

///

### III. Discussion

#### A. Conditions of Confinement

At the time of the incident, Plaintiff had been booked in the Fresno County Jail and was a pretrial detainee. A pretrial detainee's claim regarding his conditions of confinement arises under the Fourteenth Amendment. However, the standard for claims brought under the Eighth Amendment has long been used to analyze pretrial detainees' conditions of confinement claims. Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1017-18 (9th Cir. 2010); Clouthier v. County of Contra Costa, 591 F.3d 1232, 1242 (9th Cir. 2010); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994) and Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392 (1981)) (quotation marks omitted). Prison officials must ensure that inmates receive adequate food, clothing, shelter, medical care and personal safety. Farmer, 511 U.S. at 832.

"Adequate food is a basic human need protected by the Eighth Amendment." Keenan v. Hall, 83 F.3d 1083, 1091 (9th Cir.1996). The Eighth Amendment requires only that prisoners receive food that is adequate to maintain health. LeMaire v. Maass, 12 F.3d 1444, 1456 (9th Cir. 1993). However, the Ninth Circuit has found that "[t]he sustained deprivation of food can be cruel and unusual punishment when it results in pain without any penological purpose." Foster v. Runnels, 554 F.3d 807, 812–13 (9th Cir.2009) (finding the denial of sixteen meals in twenty-three days a sufficiently serious deprivation for Eighth Amendment purposes).

Here, Plaintiff alleges that he was served peanut butter on two occasions. On at least one of those occasions, he noticed the peanut butter before coming into contact with it. These isolated occurrences do not rise to the level of a constitutional violation. Foster, 554 F.3d at 812 n.1 (denial of meals on two occasions did not rise to the level of a constitutional violation); Modica v. Cox, 2012 WL 787621, *3 (E.D. Cal. Mar. 9, 2012) (denial of a single lunch did not constitute a sufficiently serious deprivation for purposes of the Eighth Amendment). There are

no further allegations to suggest that Plaintiff suffered any injury from the presence of the peanut butter or that he was continually deprived of food. Although Plaintiff claims that he was forced to go hungry, he has identified only two instances of peanut butter in his meals. Plaintiff was previously informed of the deficiencies in this claim, but has been unable to cure them by amendment.

### B. Deliberate Indifference to Serious Medical Needs

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir .2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,' "and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096; Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir.2012).

Deliberate indifference is shown where the official is aware of a serious medical need and fails to adequately respond. Simmons, 609 F.3d at 1018. "Deliberate indifference is a high legal standard." Id. at 1019; Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). The prison official must be aware of facts from which he could make an inference that "a substantial risk of serious harm exists" and he must make the inference. Farmer, 511 U.S. at 837.

Plaintiff has not stated a cognizable claim for deliberate indifference to serious medical needs. There is no indication that jail officials failed to respond to any serious medical need based on two isolated instances of peanut butter in his lunch sack or his diabetes. Plaintiff has not alleged that his peanut allergy or his diabetes resulted in any condition requiring medical attention. Plaintiff was provided with the relevant legal standard for this claim, but has been unable to cure it by amendment.

### C. Grievances

Plaintiff cannot state a claim based on the purported failure of John Doe #3 to respond to his grievances. Plaintiff does not have a constitutionally protected right to have his appeals

accepted or processed. <u>Ramirez v. Galaza</u>, 334 F.3d 850, 860 (9th Cir. 2003); <u>Mann v. Adams</u>, 855 F.2d 639, 640 (9th Cir.1988).  A prison grievance procedure does not confer any substantive rights upon inmates and actions in reviewing appeals cannot serve as a basis for liability under section 1983. <u>Buckley v. Barlow</u>, 997 F.2d 494, 495 (8th Cir.1993).

### IV. Conclusion and Recommendation

Plaintiff's second amended complaint fails to state a cognizable section 1983.  As Plaintiff has been unable to cure the deficiencies previously identified by the Court, further leave to amend shall not be granted.  <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, it is HEREBY RECOMMENDED that this action be DISMISSED based on Plaintiff's failure to state a cognizable section 1983 claim.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **May 23, 2014**        /s/ *Barbara A. McAuliffe*
                                             UNITED STATES MAGISTRATE JUDGE